In the Matter of The Springfield, L. I., Cemetery Society et al., Respondents, *v.* Thomas Gilleran et al., Appellants.

Cemetery associations — lot owners only eligible to office of director after first annual meeting — election of directors — construction of sections 63 and 64 of Membership Corporations Law.

1. Under section 64 of the Membership Corporations Law (Cons. Laws, ch. 35) no one but lot owners are eligible to the office of director of a cemetery association after the first annual meeting.

2. Section 63 of said law designating the classes of persons entitled to vote at annual meetings of cemetery associations, and section 64 providing that the directors of a cemetery association shall be elected at its annual meeting by the persons entitled to vote thereat, should be construed as meaning that to establish a quorum there must be present either (1) one-fifth of the lot owners; or (2) a majority of the owners of certificates of stock or of indebtedness. If either of these requirements is satisfied, that is to say, if there are one-fifth of the lot owners or a majority of the stock and certificate holders so present at a meeting a quorum will be established, and all may then unite in voting for directors. In the absence of a quorum, the statute then makes provision for the selection of directors by the existing directors or a majority of them.

*Matter of Springfield Cemetery Society* v. *Gilleran*, 163 App. Div. 1, affirmed.

(Argued June 3, 1914; decided July 14, 1914.)

Appeal from an order of the Appellate Division of the Supreme Court in the first judicial department, entered May 1, 1914, which affirmed an order of Special Term, in a special proceeding instituted under section 32 of the General Corporation Law, declaring illegal and void a pretended election of directors of the Springfield, L. I., Cemetery Association and ordering that a new election be held.

The Springfield, L. I., Cemetery Association was organized in and about March, 1908, under the Membership Corporations Law.

The annual meeting of the society for the transaction of business and the election of two directors for a term of three years each was duly appointed to be held at the office of said society in the city of New York on the 27th day of March, 1914, and due notice of said meeting was published and served on all parties entitled thereto.

At the annual meeting there was present in person all of the directors and officers, and in person or by proxy the holders of certificates of indebtedness issued by the society and more than one-fifth of the owners of lots and plats. The lot owners and certificate holders participated in the meeting and voted without objection upon all questions arising until the matter of electing two directors for the ensuing year was reached.

The defendant Gilleran, who was president, announced that only the owners of lots and plats in the cemetery would be allowed to vote for directors. The ruling of the president was questioned, and an appeal taken therefrom to the meeting, which the president refused to entertain. Thereupon a motion to adjourn was made and the president having also refused to entertain that motion, the resolution was put to a vote by the vice-president and carried. The defendants Gilleran, Hartman and Weiss and certain lot owners remained in the meeting and elected Hartman and Weiss as directors and the two named together with Gilleran thereupon undertook to hold a meeting of the board of directors. Neither of the defendants Hartman or Weiss was a lot owner or the owner of any certificate of indebtedness of the corporation.

The Special Term held that the ruling of the president was illegal and void; that the election of Hartman and Weiss was illegal and void, and their acts as pretended directors were illegal and void, and ordered a new election to be held upon proper notice, and that upon said election all holders of certificates of indebtedness appearing of record on the books of the society were entitled to vote.

*John M. Gardner* for appellants.   The statute is plainly a preferential one, and designated three classes interested in the corporation who have the exclusive right of electing the directors in the order named: *First.* Lot owners, if one-fifth are present.  *Second.* If one-fifth of lot owners are not present, then a majority of stockholders or certificate holders may elect.  *Third.* If the lot owners do not or cannot elect, or the stockholders or certificate holders cannot or do not elect, then a majority of the board of directors may elect.  (L. 1909, ch. 40, § 64; 54 Mo. 334; *Fower* v. *Scully*, 72 Penn. St. 456; 20 Ark. 410; *People* v. *Craig*, 129 App. Div. 851.)

*Daniel Day Walter, Jr.*, for respondents.   The statute and the by-laws of the society clearly give the holders of certificates of indebtedness a right to cast one vote for each $100 of such indebtedness at all meetings of the corporation and at the election of directors, and the ruling of the president disfranchising the certificate holders invalidated all subsequent proceedings.  (*A. E. Bank* v. *Woodlawn Cemetery*, 194 N. Y. 116.)   The election of Hartman and Weeks was illegal and void.  (*People* v. *A. & S. R. R. Co.*, 55 Barb. 344; *Matter of Schwartz*, 77 N. J. L. 415; *Com.* v. *Patterson*, 158 Penn. St. 476; Cook on Corp. § 610.)   Hartman and Weiss were ineligible to serve as directors, and their election was properly set aside.  (*Matter of Ringler Co.*, 204 N. Y. 30; *Matter of Newcomb*, 18 N. Y. Supp. 16.)

HOGAN, J.   While we agree with the determination made by the Appellate Division, the construction placed by us upon the statute differs in a slight degree from that adopted by the court below.  The opinion of Justice DOWLING contains an exhaustive review of the statutes of this state anterior to the Membership Corporations Law and an analysis of the sections of the latter law applicable to the question under consideration.

We shall confine our decision to two sections of the Membership Corporations Law. (Cons. Laws, chap. 35.)

Section 64 of the Membership Corporations Law provides:

" * * * After the first annual meeting, no one but a lot owner shall be eligible to the office of director. * * *."

As the defendants Hartman and Weiss were not lot owners in the Springfield, L. I., Cemetery Society they were ineligible to the office of directors thereof.

The same section of the law provides that the directors of a cemetery association shall be elected at its annual meeting by the persons entitled to vote thereat. The question thus arises what persons are entitled by law to vote for directors.

By section 63 of the law it will be observed that three several classes of persons are designated as entitled to vote at annual meetings of cemetery associations at which meetings directors are to be elected, *first*, " each person of full age owning the use of a lot or plat, or part of either, containing at least ninety-six square feet of land in the cemetery of the corporation, or if there be two or more owners of such lot, then one of them designated by a majority of such joint owners to represent such lot or plat, or part of either, may cast one vote for each such lot or plat, or part of either, so owned, at the meetings of the corporation." *Second*, " each owner of stock heretofore lawfully issued shall be entitled to one vote for each share of stock owned by him at the meetings of the corporation." *Third*, " each owner of a certificate of indebtedness of a cemetery corporation shall be entitled to one vote at such meetings for each one hundred dollars of such indebtedness."

Section 64 further provides:

" If at any such [annual] meeting one-fifth of the owners of lots or plats shall not, in person or by proxy-vote thereat, the directors shall be chosen by the exist,

ing directors, or a majority of them, unless such directors shall, at such meeting, be chosen by a majority of the votes of the owners of certificates of stock or indebtedness.    The term of office of a director shall be three years."

While the language of the section above quoted is not free from ambiguity, it is still susceptible of a construction which will avoid injustice or disfranchising any class of the individuals authorized by law to vote for directors and give effect to all the provisions of the statute.

The requirement of the statute in question that there should be one-fifth of the lot owners present at the meetings was to establish the number of lot owners necessary to constitute a quorum.    This is made plain by the provisions of chapter 745 of the Laws of 1900, which amended section 44 of the Membership Corporations Law of 1895, and provided that in the county of Jefferson the attendance of one-fifteenth of the lot owners would be sufficient to constitute a *quorum* for the election of directors. Having these principles in mind, the statute should be construed as meaning that to establish a quorum there must be present either:

(1) One-fifth of the lot owners; or

(2) A majority of the owners of certificates of stock or of indebtedness.

If either of these requirements is satisfied, that is to say, if there are one-fifth of the lot owners or a majority of the stock and certificate holders so present at a meeting a quorum will be established, and all may then unite in voting for directors.

In the absence of a quorum, the statute makes provision for the selection of directors by the existing directors or a majority of them.

The order of the Appellate Division should be affirmed, with costs.

WILLARD BARTLETT, Ch. J., WERNER, HISCOCK, CHASE, MILLER and CARDOZO, JJ., concur.

Order affirmed.